UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNE MARIE P.,

                                                                                                                      <u>DECISION AND ORDER</u>

                         Plaintiff,

                                                                                                                       23-CV-0067DGL

             v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                      Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On September 23, 2015, plaintiff, then forty-one years old, filed applications for a period of disability and disability insurance benefits, and supplemental security income, alleging an inability to work since April 1, 2011. Her applications were initially denied. Plaintiff requested a hearing, which was held on March 1, 2018 before Administrative Law Judge Maria Herrero-Jaarsma. ALJ Herrero-Jaarsma issued a decision on May 24, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 13-31). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 5, 2019. (Dkt. #5 at 1-7).

       Plaintiff appealed, and by decision and order dated February 23, 2021, Magistrate Judge Michael J. Roemer reversed and remanded the Commissioner's determination. Specifically,

Magistrate Judge Roemer found that although the ALJ had assessed mental limitations, the ALJ had committed reversible error by failing to acknowledge or consider evidence of record concerning plaintiff's physical impairments, chiefly urinary incontinence and overactive bladder. (Dkt. #5 at 709-22).

Proceedings on remand, including a hearing at which plaintiff, medical expert Dr. Nitin Dhiman, and a vocational expert testified, were held before ALJ Stephen Cordovani (the "ALJ"). On September 26, 2022, the ALJ issued a new decision, again finding plaintiff not disabled. (Dkt. #5 at 612-34).

Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #7), and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is once again remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, in particular her mental health records evidencing treatment for bipolar disorder, Type I with depression and mania, generalized anxiety disorder with panic attacks, personality disorder, and adjustment disorder, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment.

(Dkt. #5 at 618). The ALJ also found that plaintiff had the non-severe physical impairments of hypothyroidism, hyperlipidemia, history of pneumothorax, and GERD. *Id*.

Applying the special technique for mental impairments, the ALJ determined that plaintiff has moderate limitations in each of the four areas assessed: (1) understanding, remembering, and applying information; (2) interacting with others; (3) maintaining concentration, persistence, and pace; and (4) adapting or managing herself. (Dkt. #5 at 619).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels, with no exertional limitations, and the following nonexertional limitations: can understand, remember, and carry out simple instructions and tasks; and can work in a low stress work environment with no supervisory duties, no independent decision-making, and no strict production quotas with assembly line work. Plaintiff can tolerate no more than minimal changes in work routine and processes, no more than frequent interaction with supervisors, occasional interaction with coworkers and the general public, and no team, tandem or codependent work. Her symptoms will cause her to be absent from work one day per month. (Dkt. #5 at 620).

When presented with this RFC as a hypothetical, vocational expert Mary D. Anderson testified that such an individual could not return to plaintiff's past relevant work as a secretary, but could perform the representative jobs of document preparer (sedentary), office helper (light), and photo copy machine operator (light). (Dkt. #5 at 625). The ALJ accordingly found plaintiff not disabled.

I.   **Effect of Plaintiff's Incontinence**

Incontinence is a non-exertional impairment that must be considered in determining whether a claimant is disabled. *See Lafler v. Colvin*, 2016 U.S. Dist. LEXIS 38579 at *32 (W.D.N.Y. 2016). An ALJ's failure to determine whether and to what extent a claimant's incontinence affects her

RFC – for example, whether the claimant requires breaks more frequently than usual, or requires close access to a restroom – is reversible error. *See Lanette P. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 65550 at *24-*25 (N.D.N.Y. 2022); *Heidrich v. Berryhill*, 312 F. Supp. 3d 371, 375 (W.D.N.Y. 2018).

The chief reason for the previous remand of this matter was the prior ALJ's failure to consider the effect of plaintiff's urinary urgency and frequency on her RFC. In his decision reversing and remanding the Commissioner's initial determination, Magistrate Judge Roemer identified and described specific evidence of record relating to plaintiff's urinary issues, including: (1) references in plaintiff's benefits application to frequent urination as a "problem with personal care"; (2) medical records and treatment notes reflecting complaints of bladder control problems, episodes of urge incontinence occurring over several years, and stress incontinence; (3) records of a cystoscopy scan, undertaken as part of plaintiff's physicians' attempts to diagnose the source of her problems; (4) plaintiff's diagnosis of urinary urgency and frequency by her treating physician; and (5) hearing testimony by plaintiff concerning overactive bladder, and the need to visit the bathroom frequently in order to avoid episodes of incontinence. (Dkt. #5 at 717-18).

While Magistrate Judge Roemer conceded that there were other treatment notes in which plaintiff appeared to deny genitourinary concerns, he noted that it was the ALJ's duty to consider and reconcile that conflicting evidence. He thus explicitly directed that on remand, "the ALJ must examine whether plaintiff's urinary urgency and frequency, or any related urologic diagnosis, is a medically determinable impairment, whether it is severe or non-severe in nature, and the limiting effects it may have on her RFC assessment [regardless of severity]." (Dkt. #5 at 721).

In his decision on remand, the ALJ's discussion of plaintiff's urinary issues consisted solely of the following statements: "The remand order mentions addressing urinary issues;

however, the claimant claims [sic] no urinary issues at the hearing, [and] there are none supported by the treatment record, the opinion evidence or the medical expert . . . Dr. Drhiman, [sic] MD was asked about urinary conditions or issues, to which [sic] he stated there were none." (Dkt. #5 at 623).

An ALJ's "[d]eviation from [a] court's remand order in the subsequent administrative proceedings it itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989). Here, the ALJ's cursory and dismissive discussion of the very issue he was directed to consider on remand was insufficient to discharge his duty to "take any action that is ordered," and constituted reversible error. 20 C.F.R. §§404.977(b), 416.1477(b).

Furthermore, the ALJ's observation that no urinary issues were "supported by the treatment record" was factually erroneous. The ALJ not only failed to discuss or reconcile, *but entirely ignored*, all of the diagnostic, treatment, and testimonial evidence cited and discussed by Magistrate Judge Roemer, with respect to plaintiff's urinary issues. Nor did the ALJ appear to notice or consider, when he assessed the consistency and supportability of medical expert Dr. Dhiman's opinion, the fact that Dr. Dhiman also appeared to have overlooked all of the same diagnostic and treatment evidence, even while claiming to have reviewed all of the medical evidence of record. (Dkt. #5 at 623, 643-44).

The ALJ's failure to follow Magistrate Judge Roemer's directives on remand infected his decision with the very same reversible error upon which the remand had been based. Because the ALJ once again failed to consider whether plaintiff's urologic problems comprised a medically determinable impairment, whether it was severe or non-severe in nature, and the limiting effects it could have on her RFC, the ALJ committed reversible error, and remand is warranted.

Because I find that remand is necessary for a fresh consideration of plaintiff's claim and the issuance of a new decision, I decline to reach plaintiff's alternative arguments.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision failed to follow the directives issued on remand, and was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #7) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied, and this matter is remanded for further proceedings. On remand, the ALJ should obtain additional medical opinion evidence as necessary, give clear and detailed consideration to the effect, if any, of plaintiff's incontinence on her residual functional capacity, reassess the evidence of record in its entirety, and render a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 26, 2023.